This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **No. 35,212**

**DAVID CORDOVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

**{1}** Defendant David Cordova appeals his conviction for armed robbery, contrary to NMSA 1978, Section 30-16-2 (1973), that was enhanced, pursuant to NMSA 1978, Section 31-18-16 (1993), because he used a firearm in the commission of the offense. On appeal, Defendant asserts, as his sole issue, a double jeopardy violation arising from the firearm enhancement. This Court recently held that the use of Section 31-18-16 to enhance a sentence violates double jeopardy when the State, based upon its own theory of the case, is "not required to prove any additional facts to have [a d]efendant's sentence enhanced[.]" *State v. Branch*, 2016-NMCA-071, ¶ 38, 387 P.3d 250, *cert. granted*, 2016-NMCERT-007, ___ P.3d ___.

**{2}** In order to assess the State's theory of the case for these purposes, "we look to the charging documents and jury instructions." *Id.* ¶ 36. In this case, Defendant was charged with taking money from his victim, intending to permanently deprive her of the same while "armed with a firearm, an instrument or object, which when used as a weapon, could cause death or great bodily harm[.]" In order to convict him of that offense, the jury was instructed that it must find that he "was armed with a gun, an instrument or object which, when used as a weapon, could cause death or serious injury[.]" With regard to the firearm enhancement, the jury was instructed to "determine if the crime was committed with the use of a firearm and report [its] determination" on a special verdict form.

**{3}** Because Defendant's use of a firearm was charged and instructed as an element of the offense of armed robbery and was also the only finding necessary to enhance Defendant's sentence, that enhanced sentence is in direct conflict with the central holding in *Branch. Id.* ¶ 38. Acknowledging that the enhancement of Defendant's sentence under Section 31-18-16 is inconsistent with *Branch*, the State invites us to reconsider *Branch* in this appeal.

**{4}** In doing so, the State cites to *Swafford v. State*, in which our Supreme Court discussed the importance of legislative intent in double jeopardy analysis, and asserts that *Branch* failed to consider "the [L]egislature's intent to authorize multiple punishments for the same offense." *Swafford*, 1991-NMSC-043, ¶ 9, 112 N.M. 3, 810 P.2d 1223. More specifically, the State asserts that *Branch* erred by applying the test of statutory construction articulated in *Blockburger v. United States*, 284 U.S. 299 (1932), because that test is irrelevant "where the [L]egislature has explicitly authorized multiple punishment[.]" *Swafford*, 1991-NMSC-043, ¶ 11.

**{5}** Although the State's remaining argument relies upon an explicit legislative authorization of multiple punishments, the State does not direct us to any language in Section 31-18-16 or Section 30-16-2 that explicitly authorizes multiple punishments. Examining those statutes ourselves, we find no language expressly providing for multiple punishments. *See State v. Gutierrez*, 2011-NMSC-024, ¶ 55 n.2, 150 N.M.

3

232, 258 P.3d 1024 (discussing NMSA 1978, Section 30-16-38 (1971) and noting that our Legislature knows how to provide for multiple punishments depending upon the circumstances of the particular crime). Nonetheless, the State's argument proceeds, briefly tracing the history of this Court's cases dealing with Section 31-18-16, but stopping short of our Supreme Court's opinion in *Gutierrez* that modified the *Blockburger* analysis for statutes involving vague and unspecific elements. *See Gutierrez*, 2011-NMSC-024, ¶¶ 55-60. In *Branch*, this Court specifically applied this modified *Blockburger* analysis requiring that "we look to the [prosecution's] trial theory to identify the specific criminal cause of action for which the defendant was convicted, filling in the case-specific meaning of generic terms in the statute when necessary." *Branch*, 2016-NMCA-071, ¶ 23.

{6}     In this case, as in *Branch*, the term "deadly weapon" is a generic statutory term, requiring that we look to the State's theory of the case as demonstrated in the charging documents and jury instructions to supply a case-specific meaning. *See id.* ¶ 35 ("A 'deadly weapon' is a generic term."). Here, again as in *Branch*, "there is no doubt that the [prosecution] sought to prove that the deadly weapon actually used in this case was a firearm." *Id.* Because we see no language in the relevant statutes explicitly authorizing multiple punishments and the State offers no other basis to disregard

*Gutierrez* in addressing the double jeopardy issue in this case, we are unpersuaded that *Branch* was decided in error.

{7}     Alternatively, the State suggests that a conviction accompanied by a firearm enhancement should be treated, not as multiple punishments, but simply as a greater penalty for a single offense because that offense was committed with a gun. Thus, the State posits that the Legislature "could have increased the punishment for armed robbery when a firearm is used within the elements of the armed robbery statute, but instead did so in a separate statute." Our purpose here, however, is to ascertain legislative intent. In accomplishing that goal, it is of no particular help to posit things the Legislature could have done, but did not. It may be that the Legislature could enact legislation specifically establishing various degrees of robbery based upon factors that include the use or non-use of a firearm to enhance the crime of armed robbery depending upon the type of weapon used. We, however, must discern legislative intent from the statutes that were enacted. The mere fact that the Legislature could have done something different presents a broad spectrum of possibilities, but such a recognition is not proof that the Legislature intended the interpretation suggested by the State. In the context of double jeopardy, that means applying the *Blockburger* test—as modified by *Gutierrez*—to the relevant statutes. As discussed earlier in this opinion,

that analysis results in a conclusion that a double jeopardy violation occurred in this case.

**{8}** Ultimately, we decline the State's invitation to overrule *Branch* and, given that opinion's clear applicability to the facts of this case, we conclude that the enhancement of Defendant's sentence pursuant to Section 31-18-16 violates double jeopardy. Accordingly, Defendant's sentence is vacated, and this case is remanded to the district court for re-sentencing consistent with this opinion.

**{9}** **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**